# EXHIBIT "A"

FILED: KINGS COUNTY CLERK 10/27/2021 04:42 PM
INDEX NO. 527494/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/27/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
========================================X
PAULINE M. RUSSELL,

           Plaintiff,

-against-

TARGET CORPORATION,

           Defendant,
========================================X

Index No.:
Date Purchased:

Plaintiff designates
KINGS COUNTY
as the place of trial

The basis of venue
is PLAINTIFF'S RESIDENCE

**SUMMONS**
Plaintiff resides at
154 Jefferson Avenue
Brooklyn, NY 11216

TO THE ABOVE NAMED DEFENDANT:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 27, 2021
       New York, NY

Yours, etc..

*ROSS RAGGIO*

Defendant(s) address(es):
SEE ANNEXED RIDER

**ROSS RAGGIO, ESQ.**
**HECHT, KLEEGER & DAMASHEK, P.C.**
*Attorneys for Plaintiff*
19 West 44th Street, Suite 1500
New York, NY 10036
(212) 490-5700

**THIS ACTION IS NOT BASED UPON A CONSUMER CREDIT TRANSACTION**
**THIS ACTION SEEKS RECOVERY FOR PERSONAL INJURY**

RIDER:

Defendant(s) Address(es):

**TARGET CORPORATION**
500 Sunrise Highway
Valley Stream, NY 11581

**PLEASE FORWARD THIS TO YOUR INSURANCE COMPANY**

FILED: KINGS COUNTY CLERK 10/27/2021 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 527494/2021
RECEIVED NYSCEF: 10/27/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
================================================X
PAULINE M. RUSSELL,

              Plaintiff,

-against-

TARGET CORPORATION,

              Defendant,
================================================X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, by her attorneys, HECHT, KLEEGER & DAMASHEK, P.C., as and for her Complaint as to the defendant respectfully show to this Honorable Court and allege upon information and belief as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, the plaintiff, **PAULINE M. RUSSELL**, (hereinafter "Plaintiff"), was, and still is, a resident of the State of New York and County of Kings.

2. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, was, and still is, a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

3. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, was, and still is, a foreign corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

4. At all times hereinafter mentioned, and on September 3, 2020, the defendant, **TARGET CORPORATION**, owned the bench located at the premises at 500 Sunrise Highway, in the City of Valley Stream, State of New York and County of Nassau, (hereinafter "the aforementioned premises).

5. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, operated the aforementioned premises.

6. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, controlled the aforementioned premises.

7. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, managed the aforementioned premises.

8. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, was the lessor of the aforementioned premises.

9. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, was the lessee of the aforementioned premises.

10. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, utilized the aforementioned premises.

11. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, inspected the aforementioned premises.

12. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, repaired the aforementioned premises.

13. At all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, maintained the aforementioned premises.

14. At all times hereinafter mentioned, and on September 3, 2020, the aforementioned bench located at the property, premises and concrete flagstones, were in a dangerous, defective and unreasonably hazardous condition such that it was raised, uneven, cracked, separated, mis-leveled, broken, dangerous, defective, hazardous, and otherwise unsafe which rendered it a hazard to store guests, most particularly, the plaintiff.

15. At all times hereinafter mentioned, it was the duty of the defendant, together with its agents, servants, and employees, to maintain the aforesaid property, premises and bench in a safe and suitable condition and state of repair, and free from hazards and defects, to erect warnings or barriers and to comply with applicable rules, regulations and laws.

16. At all times hereinafter mentioned, and on and prior thereto, the defendant, carelessly, negligently, and recklessly disregarded its respective duties to maintain and repair the aforementioned property, premises and bench, as hereinbefore described by, inter alia, permitting, causing and allowing the aforesaid premises and bench to become and remain in the aforesaid unsafe, defective, and dangerous condition; failing to cure the defective condition within a reasonable time; failing to effectuate repairs within fifteen (15) days following the receipt of notice of the defective condition as hereinbefore described; and that the plaintiff became injured more than fifteen (15) days after such notice was given to the Defendant pursuant to the Administrative Code of New York.

17. That at all times hereinafter mentioned, the defendant caused and created the aforementioned unsafe and otherwise dangerous condition of the aforementioned premises as hereinafter alleged.

18. That on September 3, 2020, plaintiff was lawfully on the aforementioned premises as hereinbefore described in the City of Valley Stream, State of New York and County of Nassau, when she was caused to sustain serious and permanent injuries from unsafe conditions of the bench, which caused her to fall.

19. That the accident and plaintiff's injuries resulting therefrom were proximately caused by the carelessness, recklessness negligence and gross negligence of the defendant and its agents, servants, and employees in the in the ownership, operation, control, repair, design and maintenance of its premises and bench in permitting same to be uneven, separated, depressed,

broken, mis-leveled, defective and otherwise hazardous condition; FAILED to properly perform construction; failed to properly compact sub-grade; FAILED to ensure that the premises was brought back to level grade; FAILED to prevent the formation of fall hazards; FAILED to inspect for fall hazards; IN MAKING special use of the premises; FAILED to compact the subsurface; FAILED to ensure that the aforementioned area was not broken, holed, separated, uneven and/or mis-leveled; FAILED to warn that the premises was broken, holed, depressed, separated, uneven or mis-leveled; FAILED to erect barriers to prevent claimant from falling on the broken, holed, depressed, uneven or mis-leveled premises; failed to abide by the terms set forth in applicable street opening permits or applications; failed to restore the aforementioned area pursuant to local law 14; FAILED to restore the premises to proper and level grade; failed to hire and/or work with competent contractors and/or subcontractors; failed to hire competent construction firms; FAILED to make proper alterations; FAILED to consider public safety above their own concern of keeping down costs; FAILED to exercise common sense; FAILED to heed complaints which placed them on actual and constructive notice of the danger presented by their misconduct; FAILED to keep their work areas in a reasonably safe condition; FAILED to provide a proper warning of the defective condition; FAILED to barricade the defective and unsafe area; FAILED to consider the safety and welfare of persons lawfully on its premises; FAILED to hire competent personnel; FAILED to properly train its personnel; FAILED to adequately research construction endeavors; FAILED to ascertain applicable code; FAILED to follow and comply with pertinent and applicable code and statute.

20. The defendant had both actual and constructive notice of the defective, dangerous and trap-like conditions in existence on said premises and concrete flagstones, but failed to remedy same in a timely fashion or warn the plaintiff of the dangerous conditions prior to the happening of the

occurrence as herein alleged.

21. The area where plaintiff was injured was improperly and inadequately constructed, repaired, excavated, opened, backfilled, paved, leveled, inspected and maintained such that it constituted a severe hazard, a trap for the unwary, a public and private nuisance, and was in violation of applicable code.

22. This action falls within one or more of the exceptions set forth in CPLR Section 1602.

23. By reason of the foregoing, the plaintiff sustained severe injuries and damages, was rendered sick, sore, lame and disabled, sustained severe shock and mental anguish, great physical and emotional upset, all of which injuries are, upon information and belief, permanent in both nature and duration, and has and will continue to suffer pain and suffering, both physical and emotional, and has incurred, and will continue to incur medical expenses, and has been unable to pursue her usual vocations, all to her great damage.

24. Upon information and belief, the limitations on liability set forth in Article 16 of the New York Civil Practice Law and Rules do not apply since the plaintiff's action falls within the exemption set forth in subdivision (2) (iv).

25. By reason of the foregoing, the plaintiff has been damaged by the defendant in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, plaintiff demands judgment against the defendant, the amount sought on each cause of action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: October 27, 2021
New York, NY

Yours, etc.,

*ROSS RAGGIO*

ROSS RAGGIO, ESQ.
HECHT, KLEEGER & DAMASHEK, P.C
*Attorneys for Plaintiff*
19 West 44th Street, Suite 1500
New York, NY 10036
(212) 490-5700

## ATTORNEY VERIFICATION

STATE OF NEW YORK }
                          {ss.:
COUNTY OF NEW YORK }

**ROSS RAGGIO, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the truth of the following under penalty of perjury:

I am an associate of the law firm of **HECHT, KLEEGER & DAMASHEK**, the attorneys for the plaintiff, and as such am familiar with the facts and circumstances herein.

I have read the foregoing **COMPLAINT**, and know the contents thereof to be true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to those matters stated upon information and belief are as follows: conversations with plaintiff, medical records and investigation reports on file.

The reason this verification is made by me and not the plaintiff personally is because the plaintiff is presently outside the county where I maintain my office.

Dated: October 27, 2021
New York, NY

*ROSS RAGGIO*
_____
**ROSS RAGGIO, ESQ**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:

PAULINE M. RUSSELL,

                                        Plaintiff,

-against-

TARGET CORPORATION,

                                        Defendant,

## SUMMONS AND VERIFIED COMPLAINT

**HECHT, KLEEGER & DAMASHEK, P.C.**
*Attorneys for Plaintiff*
19 West 44th Street, Suite 1500
New York, NY 10036
(212) 490-5700

Signature (Rule 130-1.1-a)

..................................
Print name beneath